UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERNEST J. VENNEAU,

    Plaintiff,

v.                                                                                          Case No: 5:19-cv-299-Oc-02PRL

MS. WOODARD, MS. DUDSHOFF,
MS. RANDOLPH, MS. HOLMES,

    Defendants.

## ORDER

Plaintiff initiated this action on September 20, 2019 by filing a *pro se* Civil Rights Complaint (Doc. 1) and has been granted leave to proceed *in forma pauperis* (Doc. 7). The case is before the Court for screening pursuant to the Prison Litigation and Reform Act (PLRA). The PLRA directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] The Court must liberally construe a *pro se* plaintiff's allegations.[2]

---

[1] *See* 28 U.S.C. §§ 1915A, 1915(e)(2).

[2] *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## Claims

In his Complaint, Venneau sues Ms. Woodard (Assistant Warden, Sumter CI), Ms. Dudshoff (Head of Classification, Sumter CI), Ms. Randolph (Head of Classification, Butler Reception), Ms. Holmes (State Classification Officer, Butler Reception), for alleged wrongdoing during his incarceration at Sumter CI and Butler Reception.[3] (Doc. 1 at 5-17). Venneau claims that Defendants "maliciously with total disregaurd [sic] to plaintiffs life, failed to protect plaintiff, sending him to a violent gang infested inviorment [sic]. Plaintiffs throat was sliced." (Doc. 1 at 21).

For relief, Plaintiff seeks nominal damages of $1.00 and "punitive/compensatory damages of $200,000.00 per claim/per Defendant." *Id.*

## Improper Joinder

A plaintiff may set forth related claims in one civil rights complaint. Pursuant to Federal Rule of Civil Procedure 20(a), a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *Id.* As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construct Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 (11th Cir. 1998). Claims that are unrelated must be raised in separate actions.

---

[3] The institution Plaintiff names is correctly named Reception and Medical Center.

Allowing this action to go forward against all 4 defendants would prejudice the defendants and would be fundamentally unfair. *See Don King Prods., Inc. v. Colon-Rosario*, 561 F. Supp. 2d 189, 192 (D.P.R. 2008) (where claims against multiple defendants arose from distinct transactions and would give rise to unique defenses, the plaintiff's "convenience to bring all claims against these defendants in one action without paying fee for each defendant, is outweighed by the prejudice and delay it would put on the Court's shoulders, as well as each defendant's defense counsel").

Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is not dismissal. Rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.*

Here, it is appropriate to dismiss the claims arising out of Reception and Medical Center[4] and proceed in this Court only on the claims arising out of Sumter CI.

### Conclusion

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's claims against Reception and Medical Center Defendants Randolph and Holmes are **DISMISSED without prejudice** to raising these claims in the proper venue. The **Clerk** is directed to enter judgment accordingly.

---

[4] Reception and Medical Center is in Lake Butler, Union County, Florida. Union County is in this District but is in the Jacksonville Division. *See* M.D. Fla. R. 1.02(b)(1).

3

2. Plaintiff's claims against Sumter CI Defendants Woodward and Dudshoff will remain in this case.

**DONE** and **ORDERED** in Tampa, Florida on November 21st, 2019.

                                                      WILLIAM F. JUNG
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Party