# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**ERNEST J. VENNEAU,**

    **Plaintiff,**

v.                                              **Case No: 5:19-cv-299-Oc-02PRL**

**MS. WOODARD and FNU DUDSHOFF,**

    **Defendants.**
_____/

## ORDER

This matter comes to the Court on Defendant Gillian Woodard's Motion to Dismiss Plaintiff's Complaint. (Doc. 22). Plaintiff Ernest Venneau responded to the Motion. (Doc. 25). After briefing by the parties, the Court grants the Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

1

## DISCUSSION

In his Complaint, Venneau sues Ms. Woodard (Assistant Warden, Sumter CI), Ms. Oudshoff (Head of Classification, Sumter CI), Ms. Randolph (Head of Classification, Butler Reception), and Ms. Holmes (State Classification Officer, Butler Reception), for alleged wrongdoing during his incarceration at Sumter CI and Butler Reception.[1] (Doc. 1 at 5-17). Venneau claims that Defendants "maliciously with total disregaurd [sic] to plaintiffs life, failed to protect plaintiff, sending him to a violent gang infested inviorment [sic]. Plaintiffs throat was sliced." (Doc. 1 at 21).

<u>Failure to Protect</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Additionally, the Eleventh Circuit requires "'an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

---

[1] Defendants Randolph and Holmes were dismissed by a previous order. *See* Doc. 11.

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828 (citations omitted). The deliberate indifference standard requires the plaintiff to demonstrate that the prison official "was subjectively aware" of a risk of harm; mere negligence is insufficient. *Id.* at 829, 835-36. In a case where the prisoner-plaintiff repeatedly asked to be transferred because he was concerned about a general lack of safety in his cell block, the Eleventh Circuit explained the requirement of deliberate indifference to a substantial risk of harm as follows:

> To establish a § 1983 claim for deliberate indifference, a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."[2]
>
> The first element of deliberate indifference — whether there was a substantial risk of serious harm — is assessed objectively and requires the plaintiff to show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety."[3] The second element — whether the defendant was deliberately indifferent to that risk — has both a subjective and an objective component. Subjectively, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and... also draw the inference."[4] Objectively, the official must have responded to the known risk in an unreasonable manner, in that he or she "knew of ways to reduce the harm" but knowingly or recklessly

---

[2] *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016).

[3] *Lane*, 835 F.3d at 1307.

[4] *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007).

declined to act.[5] Finally, the plaintiff must show a "necessary causal link" between the officer's failure to act reasonably and the plaintiff's injury.[6]

*Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019); *Johnson v. Bessemer, Ala., City of*, 741 F. App'x 694, 698-99 (11th Cir. 2018) (per curiam).

The Eleventh Circuit has explained:

> Proof of deliberate indifference requires a great deal more than does proof of negligence: "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Purcell*, 400 F.3d at 1319-20 (emphasis supplied) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).[7]
>
> In other words, a plaintiff in [Venneau]'s position must show not only that there was a substantial risk of serious harm, but also that [Defendant Woodard] "subjectively knew of the substantial risk of serious harm and that [she] knowingly or recklessly disregarded that risk." *Hale*, 50 F.3d at 1583 (alteration omitted) (internal quotation marks omitted). [8] Whether prison officials had the requisite awareness of the risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842 (citation omitted). At the same time, the deliberate indifference standard - and the subjective awareness required by it - is far more onerous than normal tort[-]based standards of conduct sounding in negligence: "Merely negligent failure to protect an inmate from attack does not justify liability under [§] 1983." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam). And[,] needless to say, to defeat a motion for summary judgment, [a plaintiff] must adduce specific evidence from which a jury could

---

[5] *Rodriguez*, 508 F.3d at 620.

[6] *Rodriguez*, 508 F.3d at 622-23.

[7] *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313 (11th Cir. 2005).

[8] *Hale v. Tallapoosa Cty.*, 50 F.3d 1579 (11th Cir 1995).

4

> reasonably find in his favor; "[t]he mere existence of a scintilla of evidence in support of [his] position will be insufficient." *Anderson*, 477 U.S. at 252....

*Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (emphasis deleted); *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016) (per curiam) (stating that a plaintiff who claims deliberate indifference must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence"); *Scott v. Miami Dade Cty.*, 657 F. App'x 877, 883 (11th Cir. 2016) (stating that "a plaintiff must allege facts that would allow a jury to conclude that: the defendant actually knew that the plaintiff faced a substantial risk of serious harm" (subjective component), and "the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner" (objective component)); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("The known risk of injury must be a 'strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference.").

Prison officials may avoid Eighth Amendment liability in one of three ways: (1) showing that they were not subjectively aware "of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger"; (2) admitting awareness of "the underlying facts" of a substantial danger, but believing the danger was "insubstantial or nonexistent"; or (3) claiming they responded reasonably to a known substantial danger. *Rodriguez*, 508 F.3d at 617-18 (quoting *Farmer*, 511 U.S. at 844) (internal quotations omitted).

Plaintiff raises a claim under the Eighth Amendment based on allegations that Defendant Woodard failed to protect him from an attack by another inmate. On June 29, 2018, while at Sumter Correctional Institute ("Sumter CI"), Plaintiff requested protective housing after learning that a gang member had been hired to kill him. (Doc. 1 at 5). Plaintiff states that he told Woodard about this plot two different times, but she "sent the Plaintiff before millitant [sic] style gang members that sliced Plaintiff's throat." *Id*.

On September 6, 2018, Plaintiff wrote an informal grievance to the warden of Sumter CI complaining that he had been in "AC Confinement" for 71 days and asked to be transferred to the protective management unit and claimed he was being discriminated against and retaliated against. (Doc. 1-1 at 2). The grievance response, dated September 10, 2018, stated:

> You have been advised that you have been approved for a transfer to resolve your protection needs. Once the transfer was approved, it then went to population management to get you scheduled. It is now out of the institutions [sic] control.
> . . .
> Based on the above, your informal grievance is approved in that you will be transferred.

*Id*. Plaintiff was subsequently transferred.

Plaintiff was transferred multiple times before he was attacked. A timeline of events relevant to this action is as follows:

- June 29, 2018 – Plaintiff requests protective custody while housed at Sumter CI. (Doc. 1 at 5).

6

- June 29, 2018 – Plaintiff is placed in administrative confinement at Sumter CI. (Doc. 22-1 at 7); *see also* Inmate Request No. 307-1809-0027 (Plaintiff claims he has been in AC Confinement for 71 days) (Doc. 1-1 at 2).

- September 10, 2018 – Plaintiff's grievance is approved, noting he will be transferred. (Doc. 1-1 at 2).

- September 10, 2018 – Plaintiff listed as in transit from Sumter C.I. to Central Florida Reception Center ("CFRC") East Unit. (Doc. 22-1 at 8).

- September 15, 2018 – Plaintiff arrived at CFRC Main Unit. (Doc. 22-1 at 8).

- October 2, 2018 – Plaintiff arrived at Reception and Medical Center ("RMC") Main Unit. (Doc. 22-1 at 8).

- October 31, 2018 – Plaintiff is transferred from RMC Main Unit. (Doc. 22-1 at 8).

- November 1, 2018 – Plaintiff arrived at Northwest Florida Reception Center. (Doc. 22-1 at 8).

- November 2, 2018 – Plaintiff arrived at Holmes C.I. (Doc. 1 at 21).

- November 16, 2018 – Plaintiff was attacked by a fellow inmate at Holmes C.I. (Doc. 1 at 12).

The attack occurred at Holmes C.I., in Bonifay, Holmes County, Florida, more than two months after he was transferred from Sumter C.I.

Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844-45. Here, Plaintiff was placed in administrative confinement on the same day he requested protective custody. (Doc. 1 at 5); (Doc. 1-1 at 2). Administrative confinement is the "temporary removal

7

of an inmate from the general population in order to provide for security and safety until such time as a more permanent inmate management decision can be concluded such as disciplinary confinement, close management, protective management or transfer." Fla. Admin. Code § 33-602.221(1)(a). Plaintiff remained in administrative confinement until his transfer was approved and he was transferred to a different institution. Plaintiff has not alleged that Defendant Woodard had any further involvement in his housing assignments after he transferred from Sumter C.I.

Defendant Woodward acted swiftly and appropriately by placing Plaintiff in administrative confinement the same day that he requested protective management. Plaintiff was not attacked until he was two months and four institutions removed from Defendant Woodard's purview. Plaintiff has failed to state a claim of negligence or deliberate indifference against Defendant Woodard.

## CONCLUSION

Accordingly, Defendant Woodard's motion to dismiss (Doc. 22) is **GRANTED**. Defendant Woodard is **DISMISSED** from this action. The Clerk of Court shall enter judgment accordingly in favor of Defendant Woodard.

**DONE AND ORDERED** on June 9, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:   Pro Se Party
             Counsel of Record